James Q. McDermott (SBN 192572)
jmcdermott@fcoplaw.com
John A. Hribar (SBN 229692)
jhribar@fcoplaw.com
FERGUSON CASE ORR PATERSON LLP
1050 South Kimball Road
Ventura, CA 93004
Telephone: (805) 659-6800
Fax Number: (805) 659-6818

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE RACING PRODUCTS, INC., a California Corporation,<br><br>Plaintiff<br><br>v.<br><br>PROCOMP ELECTRONICS, INC., a California Corporation, and PROCOMP MOTORSPORTS, INC., a California Corporation,<br><br>Defendants. | Case No. CV 10-02884 JAK (JCx)<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION<br><br>JS-6 |

WHEREAS, Plaintiff Automotive Racing Products, Inc. ("Automotive Racing Products") and Defendants Procomp Electronics, Inc. ("Procomp Electronics") and Procomp Motorsports, Inc. ("Procomp Motorsports"), collectively "Procomp," have agreed in a separate confidential agreement to settlement of the matters in issue between them and to the entry of this Consent Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. This is an action for: (1) federal trademark infringement, federal false designation of origin, false description, false advertising, and unfair competition under section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1051, et seq.; (2) statutory unfair competition under California Business and Professions Code § 17200, et seq.; and (3) unjust enrichment.

2. This Court has jurisdiction over all of the parties in this action and over the subject matter in issue based on 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367, as well as 15 U.S.C. § 1121. This Court has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

3. Plaintiff Automotive Racing Products is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1863 Eastman Avenue, Ventura, California 93003.

4. Defendant Procomp is a corporation organized and existing under the laws of the State of California, with its principal place of business at 605 S. Milliken Avenue, Unit A, Ontario, California 91761.

5. For many years, and prior to the acts of Procomp complained of herein, Automotive Racing Products has produced a wide range of high-quality bolts, fasteners, and other parts and accessories for automobiles under distinctive trademarks. Automotive Racing Products began its use of ARP® ("the ARP mark") on some of its products in 1975 or earlier, and began using 2000® as a trademark ("the 2000 mark") in about 1984 or earlier. Through substantial use and promotion, "the ARP mark" and "the 2000 mark" have become well-known throughout the automotive industry to represent the high-quality of Automotive Racing Products' goods.

6. Automotive Racing Products is the owner of and has the right to enforce United States Trademark Registration No. 1,472,833 for "the ARP mark" and United States Trademark Registration No. 2,812,419 for "the 2000 mark." Collectively, these marks are referred to as "the Automotive Racing Products Marks." Copies of the federal registrations are attached hereto as Exhibits 1 & 2. These registrations remain in full force and effect and are incontestable.

7. Plaintiff became aware that, around 2008, Procomp began selling fasteners bearing the "2000" trademark but such fasteners were not made by or

associated with Automotive Racing Products. When Automotive Racing Products demanded in March 2009 that the Defendants cease and desist using its registered trademarks, Procomp agreed to immediately cease using the marks—including modifying its stamping pattern containing the mark, removing any infringing products from its stock, and terminating use of the mark to promote, market, sell or distribute comparable components produced by the Defendants.

8. Procomp denies any wrongdoing, but in order to resolve this dispute, agrees to the terms herein; and

9. Automotive Racing Products and Procomp have agreed to the following Consent Judgment and Permanent Injunction subject to this Court's approval.

10. Procomp, their officers, directors, employees, and attorneys, and all persons in active concert and participation with them who receive actual notice of this Consent Judgment and Permanent Injunction, are hereby permanently enjoined from engaging in any of the following activities:

(a) using the Automotive Racing Products Marks or any other mark, design, reproduction, copy, or symbol that is a colorable imitation thereof, or confusingly similar thereto, in connection with the manufacture, marketing, distribution, advertisement, promotion, offering for sale, and/or sale of bolts, fasteners, or other parts and accessories for automobiles, or any goods or services not originating from or authorized by Plaintiff Automotive Racing Parts;

(b) using the Automotive Racing Products Marks or any other mark, design, reproduction, copy, or symbol that is a colorable imitation thereof, in any manner likely to cause confusion, to cause mistake, or to deceive the consuming public;

(c) representing in any manner that the Infringing Products originate from, are affiliated with, or are sponsored, approved, or authorized by Automotive Racing Products or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of goods, services or

other products provided by Defendant;

   (d) committing any acts calculated or likely to cause consumers to believe that Procomp products are those of Automotive Racing Products or authorized by Automotive Racing Products unless they are such;

   (e) infringing the Automotive Racing Products Marks; and

   (f) unfairly competing with Automotive Racing Products in any manner.

  11. In the event that either Plaintiff Automotive Racing Products or Defendant Procomp or any related parties are required to make application to this Court to enforce the terms of this Consent Judgment or the parties' confidential Settlement Agreement, such prevailing party shall be entitled to recover from the non-prevailing other party all reasonable attorney fees and expenses related to such enforcement.

  12. This Court shall retain subject matter and personal jurisdiction over the parties for the interpretation and enforcement for all purposes of the parties' said confidential settlement Agreement and this Consent Judgment and Permanent Injunction.

  13. Service by mail upon Defendant Procomp, addressed to Peco Kencevski, 605 S. Milliken Avenue, Unit A, Ontario, California 91761, of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice under Federal Rule of Civil Procedure 65. It shall not be necessary for Defendants to sign any acknowledgement of this service.

///
///
///
///
///
///

4
CONSENT JUDGMENT AND PERMANENT INJUNCTION

**IT IS SO ORDERED:**

Dated: July 15, 2011

By: _____
     JOHN A. KRONSTADT
     United States District Judge

AUTOMOTIVE RACING PRODUCTS, INC.

By: _____
    Mike Holzapfel, President

PROCOMP ELECTRONICS, INC. and PROCOMP MOTORSPORTS, INC.

By: _____
    Peco Kencevski, President

Approved as to form and content:

Dated: June ___, 2011          FERGUSON CASE ORR PATERSON LLP

                                  By: _____
                                       James Q. McDermott
                                       Attorneys for Plaintiff
                                       AUTOMOTIVE RACING
                                       PRODUCTS, INC.

Dated: June____, 2011          SCOTT HULSE PC

                                  By: _____
                                     Francisco Ortega
                                     Attorneys for Defendants
                                     PROCOMP ELECTRONICS, INC. and
                                     PROCOMP MOTORSPORTS, INC.